.(C. D. 242)

EUGENE ELLIS CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 31, 1939)

*Philip Stein* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Cline, Judge:   This is a suit against the United States, arising at the port of New Orleans, in which the plaintiff claims that the collector of customs erred in assessing additional duty at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked at the time of importation.

The record shows that the merchandise upon which the additional duty was assessed consists of seersucker imported from Calcutta, India; that at the time of importation it was found that seersucker in the piece was wrapped in paper and packed in tin-lined wooden cases and that the cases were covered with burlap; that there was no marking on the seersucker but the paper wrappers and the wooden cases were marked with the word "Calcutta" and the burlap was marked with the legend "Made in India."

The plaintiff claims that the word "Calcutta" marked on the paper wrappers, which were the immediate containers of the seersucker, is sufficient to indicate the country of origin of the merchandise and that, under the decision in Kraft Phenix Cheese Corp. v. United States 22 C. C. P. A. 111, T. D. 47103, the merchandise is not subject to the provision in section 304 (b) assessing additional duty on merchandise which is not legally marked.   In that case it was held that if either the imported article or the immediate container thereof was properly marked the additional duty should not be assessed.

Section 304 (a) of the Tariff Act of 1930 provides that every article imported into the United States, and its immediate container, and the package in which such article is imported shall be marked "in such manner as to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe." The Secretary of the Treasury, under the authority in section 304 (a), promulgated article 509 (b) of the Customs Regulations of 1931 announcing the names of certain capital cities and provinces as acceptable marks on merchandise under the statute.   However, article 509 (b) was amended in T. D. 46865 wherein it is announced that the name of a city alone is not sufficient.   The pertinent part of the provision reads:

> The name of a subdivision such as a kingdom, principality, State, or province, or of a city, within the country of origin is not alone sufficient.

This language was repeated in the amendment of the regulations published in T. D. 46978 which was in force at the time of the importation of the merchandise in this case.   Since this amendment has been in force the court has consistently held that the regulation is reasonable and has the force of law and that the name of a city or of a province marked on imported merchandise or its containers is not

sufficient to meet the statutory requirement, citing *Mitsui & Co., Ltd.*, v. *United States*, T. D. 49357; *Henry A. Wess, Inc.*, v. *United States*, Abstract 36213; *Paprikas Weiss* v. *United States*, Abstract 36282; *Peck & Peck, Inc.*, v. *United States*, Abstract 36751; *M. Van Waveren & Sons, Inc.*, v. *United States*, Abstract 36752; and *John H. Kazanjian* v. *United States*, Abstract 36804. Following said decisions we hold that the merchandise in this case was not legally marked when imported. The protest is accordingly overruled. Judgment will be entered in favor of the defendant.